UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

DEBORAH K. ANNA )
)
V. ) NO. 2:10-CV-190
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security )

## REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge under the standing orders of the Court for a report and recommendation regarding the Motion [Doc. 22] for an award of attorneys fees to the plaintiff under the Equal Access to Justice Act ("EAJA"), 28 U. S.C. § 2412(d)(1)(A). The defendant opposes the Motion.

The plaintiff's case was recently remanded by the District Judge to the defendant for further administrative review. While this fact makes plaintiff entitled to fees under the EAJA, attorney fees under the Social Security Act itself can only be awarded if the plaintiff is ultimately awarded benefits. Should the plaintiff be awarded past due benefits, counsel will be required to refund whichever fee is smaller; either the fee under the EAJA, or the fee under the Social Security Act.

In order to be entitled to an award of attorney fees and expenses under the Equal Access to Justice Act, all of the conditions set forth in 28 U.S.C. § 2412(d)(1)(A), (B) must be met. These are that:

(1) the party seeking the fees is the "prevailing party" in a civil action brought by or against the U.S.,

(2) an application for such fees, including an itemized justification for the amount

requested, is timely filed within 30 days of final judgment in the action,

(3) the position of the government is not substantially justified and

(4) no special circumstances make an award unjust.

At the time the Court entered the report and recommendation [Doc. 19], this Magistrate Judge stated that while he disagreed with the Commissioner regarding whether there was substantial evidence to support the ALJ's finding regarding residual functional capacity, he found "that the Commissioner's position was substantially justified..." [Doc. 19, pg. 12].

The standards of the existence of "substantial evidence" and whether the Commissioner's decision was "substantially justified" for EAJA purposes are not synonymous. The Commissioner can lose on the merits of the disability case yet prevail on a plaintiff's applications for EAJA attorney fees. *Couch v. Sec'y of Health and Human Servs.*, 749 F.2d 359,360 (6th Cir. 1984). The Supreme Court has held that government's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." Thus, "if it has a reasonable basis in law and fact...," the plaintiff is not entitled to EAJA fees even if the case is remanded for further review by the Commissioner.

In the majority of EAJA fee applications, when a remand is recommended by this Court on the underlying action, the Commissioner's position is often factually or legally insufficient to such a significant degree as to support the award of attorney fees.[1] That was

---

[1] In other words, "unreasonable" in the eyes of this Court.

not the case here. The Commissioner's position was not "strained," arbitrary or incredible, and there was no hint that the ALJ was simply contriving to deny benefits, but was genuinely seeking to reach a just and fair decision. It was a very close case.

Nothing has been presented which changes this Court's initial perception that, while there was not substantial evidence to support the Commissioner's denial of plaintiff's application for supplemental security income, the Commissioner's position was still "substantially justified." Therefore, it is respectfully recommended that the plaintiff's application for EAJA attorney fees [Doc. 22] be DENIED.[2]

Respectfully recommended:

s/ Dennis H. Inman
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947-950 (6th Cir. 198l); 28 U.S.C. § 636(b)(1)(B) and (C).